LAW OFFICES
HOWARD A. CHOROST, P.C.
21 EAST SPEEDWAY BOULEVARD
TUCSON, ARIZONA 85705
(520) 792-0011
(520) 844-1196 (FAX)

Howard A. Chorost, Esq.
State Bar of Arizona No. 012663
*Howard.Chorost@azbar.org*

Attorneys for Creditor Vantage West Credit Union

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Eduardo B. and Juanita M. Moreno,<br><br>Debtor. | Chapter 13 Proceedings<br><br>Case No. 4:10-bk-09677-EWH<br><br>OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED OR AMENDED CHAPTER 13 PLAN<br><br>Re: Docket Entry 14 |

Creditor Vantage West Credit Union herein enters an Objection to Confirmation of Debtor's proposed or Amended Chapter 13 Plan.

Creditor is secured by a 2003 Nissan Altima which is the subject of a security agreement dated July 13, 2005. The Principal Balance owing on the obligation is $5,602.94, and Debtor is due for the March 15, 2010 payment in the sum of $$330.11.

Creditor believes the replacement value of the collateral to be $5,602.94. Creditor also believes that Adequate Protection in the sum of $56.03 should be provided for under

the Plan.

Wherefore, Creditor respectfully requests that the Court refrain from entering an Order Confirming the Plan until the issues addressed in this Objection are resolved.

Respectfully Submitted: May 17, 2010

HOWARD A. CHOROST, P.C.

*/s/ HC 012663*

Howard A. Chorost
Attorneys for Movant

Copies of the forgoing mailed to:

Debtor:

Eduardo B. and Juanita M. Moreno
2515 N Jordan Dr
Tucson AZ  85745

Attorney for Debtor:

Ross K. Meiners, Esq.
2 E Congress St #900
Tucson AZ  85701

Trustee:

Dianne C. Kerns
7320 N La Cholla #154 PMB 413
Tucson AZ  85741-2305

# MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT

| STOCK NO. | | |
|---|---|---|
| DEAL 97097 | 51510A | |

Buyer(s)/Debtor(s): EDUARDO B MORERA / JUANITA MARTINEZ MORERA
Address: 2518 N JORDAN DR

Seller/Creditor: THOROUGHBRED CARS
Address: 5163 E. 22ND STREET, TUCSON, AZ

This is an agreement for the installment purchase by you of the Vehicle described below. As used in this Contract, the words "you" and "your" mean the Buyer or Buyers who sign below. The words "we", "us", "our" and "Seller" refer to the Seller whose name and address appear above or to anyone to whom this Contract is assigned (referred to as the "Assignee"). If the Assignee notifies you that it has purchased this Contract, you agree to make all of your payments to the Assignee. This sale is subject to approval of your credit by us and acceptance of this Contract by an Assignee. BY SIGNING BELOW, YOU ALSO AGREE TO ALL OF THIS CONTRACT. PLEASE READ THE BACK CAREFULLY.

This Vehicle which you are purchasing is a:

| NEW OR USED | YEAR MODEL | MAKE TRADE NAME | NO. CYL | BODY TYPE | MODEL OR SERIES | I.D. |
|---|---|---|---|---|---|---|
| USED | 2003 | NISSAN | | | ALTIMA | 1N4AL11D93C135590 |

EQUIPMENT:
- [ ] AM/FM Stereo
- [ ] 4 Sp. Trans.
- [ ] T-Top/Sun
- [ ] Pwr. Strg.
- [ ] Air Cond.
- [ ] Pwr. Wind.
- [ ] Pwr. Doors
- [ ] Tape
- [ ] 3 Sp. Trans.
- [ ] CD Player
- [ ] Auto. Trans.
- [ ] Cruise
- [ ] Pwr. Seats
- [ ] Cust. Whls.

Misc. Equipment: _____

You intend to use the Vehicle primarily for ☐ personal, family, or household purposes ("personal use") ☐ commercial, business, agricultural, or other non-personal uses ("commercial use").

| ANNUAL PERCENTAGE RATE | THE COST OF YOUR CREDIT AS A YEARLY RATE 6.99 6.45 % | Your payment schedule will be: Number of Payments / Amount of Payments / When Payments Are Due: 72 / 336.11 / 02/15/2005 Monthly, beginning N/A |
|---|---|---|
| FINANCE CHARGE | THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. $ 4154.20 | Insurance: CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT, AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST. |
| Amount Financed | The amount of credit provided to you or on your behalf $ 19513.72 | Type / Term / Premium / Signature Credit Life Insurance N/A mos. $ N/A I want credit life Insurance only Disability Insurance N/A mos. $ N/A I want disability Insurance only |
| Total of Payments | The amount you will have paid after you have made all payments as scheduled. $ 23767.92 | Credit Life and Disability N/A mos. $ N/A I want credit life and disability insurance Joint Credit Life Insurance N/A mos. $ N/A We want joint credit life insurance Joint Credit Life and Single Disability Insurance N/A mos. $ N/A We want joint credit life and single disability insurance |
| Total Sale Price | The total cost of your purchase on credit including your down payment of $ 500.00 $ 24267.92 | Security: You are giving a security interest in the Vehicle being purchased. Late Charge: If the Vehicle is purchased for personal use, and a payment is not paid in full within 10 days after it is due, you will pay a late charge of the lesser of $10.00 or 5% of the unpaid balance of the installment. Prepayment: If you pay off early, you will not have to pay a penalty. See the other portions of this Contract for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

e means an estimate

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (incl. accessories) $ 14569.00 + Sales Tax $ 1179.97 Net Trade-In Deficiency (item 5 if negative) $ 0.00 + N/A = Total Cash Price ... $ 15761.97 (1)
2. Other charges imposed by Seller include:
   **(a) Vehicle Service Contract (Term) 60 MOS OR 100000 MILES SEC+PLUS $ 2500.00
   (b) Dealer Documentary Fee $ 349.00
   (c) Other (describe) VTR $ 150.00
   (d) Other (describe) FIRE ALARM $ 699.00
   Total ... $ 3698.00 (2)
3. Payments made on your behalf to Public Officials for Official Fees:
   (a) Registration Fees $ 29.25 + (b) Title Fees $ 4.00 + (c) Lien Tax $ 114.00 +
   (d) Lien Filing Fees $ N/A + (e) Postage Fees $ 2.50 + (f) Weight Fees $ N/A +
   (g) Other (describe) $ N/A
   Total ... $ 149.75 (3)
4. Cash Sale Price (sum of items 1, 2 and 3) ... $ 19513.72 (4)
5. Trade-In N/A N/A $ N/A - $ N/A = $ N/A (5)
   (Make & Model) Gross Allowance / Payoff / Net Trade (Deficiency)
6. Total Down Payment includes:
   (a) Net Trade-In (item 5) (if negative, insert $0) $ N/A
   (b) Cash Down Payment (includes manufacturer's rebate of $ N/A Assigned to Seller) $ 500.00
   Total Down Payment (a + b) ... $ 500.00 (6)
7. Unpaid balance of Cash Sale Price (item 4 less item 6) ... $ 19013.72 (7)
8. Payments made to others on your behalf:
   **(a) Amounts paid to Insurance Companies for Insurance Premiums:
   (1) Credit Insurance Premiums $ N/A + (2) Property Insurance Premiums $ N/A
   Total ... $ N/A (8a)
   (b) Amounts paid to others:
   **(1) Payments to GAP for GAP INS $ 600.00 (8b)
   **(2) Payments to N/A for N/A $ N/A (8c)
   **(3) Payments to N/A for N/A $ N/A (8d)
   **(4) Payments to N/A for N/A $ N/A (8e)
   **(5) Payments to N/A for N/A $ N/A (8f)
   Total Amount Paid to Others (Sum of items 8A through 8F) ... $ 600.00 (8)
   **We may be retaining a portion of this amount.
9. Amount Financed - Amount of credit you will get (item 7 plus item 8) ... $ 19613.72 (9)
10. If the "Amount Financed" exceeds $25,000 or if the Vehicle is purchased primarily for commercial use, the "Amount Financed" is also the "Final Cash Price Balance" and the "Total of Payments" is also the "Time Balance."

11. Property Insurance: You promise to keep the Vehicle insured for its full value against loss or damage with loss payable endorsement in our favor during the time any amount is unpaid under this Contract. YOU MAY OBTAIN YOUR REQUIRED INSURANCE FROM ANY COMPANY ACCEPTABLE TO US. If you purchase your insurance through Seller, the costs and items of coverage are as follows:

| | TERM | PREMIUM |
|---|---|---|
| Collision (actual cash value of loss less $ N/A deductible) and Comprehensive | N/A months | $ N/A |
| Including fire and theft (cash value of loss less $ N/A deductible) | N/A months | $ N/A |
| Other (describe) N/A | | |

If you buy insurance through your own agent, the cost is not included in this Contract. Please give us the name and telephone number of the agent you choose:
Agent's Name _____ Telephone Number _____
Agent's Address _____ City _____ State _____

Promise to Pay: By signing below, you promise to pay us the Amount Financed, together with finance charges calculated thereon at the Annual Percentage Rate. You agree to make your payments in us set forth in the Payment Schedule shown above. Your final payment may change, depending upon your payment habits. We will apply each payment first to accrued finance charges and late charges and then to reduce your principal balance. This means your finance charge will be less when you pay early and more if you pay late. Any necessary adjustments in your total finance charge will be reflected in your final payment. If a payment is not paid in full within 10 days after it is due, you will also pay a late charge. If the Vehicle is purchased for commercial use, the late charge will be 5% of the unpaid balance of the installment; if the Vehicle is purchased for personal use, the late charge will be the lesser of $10.00 or 5% of the unpaid balance of the installment.

Security Interest: To protect us if you do not pay as promised, or if you break some other promise of this Contract, you give us a purchase money security interest in the Vehicle, all accessions thereto, and in any proceeds of the Vehicle. If the Vehicle is purchased for commercial use, this security interest also covers all equipment, accessories, and parts (other than accessions) added to the Vehicle. If the Vehicle is purchased for personal use, this security interest also covers equipment, accessories, and parts (other than accessions) added to the Vehicle within 10 days of the date of this Contract. We also give us a security interest in the proceeds of any physical damage insurance policy on the Vehicle and in any insurance premiums which are refunded. This security interest does not cover any other debt you owe us, and that debt is not covered by any other security interest held by us. NOTICE: BY GIVING US A SECURITY INTEREST IN THE VEHICLE DESCRIBED ABOVE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM THE VEHICLE EXEMPT FROM LEGAL PROCESS.

LIMITATIONS/EXCLUSIONS OF PRODUCT WARRANTIES
(a) For "new" vehicles: (1) If the Vehicle is purchased for personal use, Seller makes no implied warranty of merchantability or of fitness for any particular purpose unless Seller also gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of Seller's written warranty or service contract; (2) If the vehicle is purchased for commercial use, Seller makes no implied warranty of merchantability or of fitness for any particular purpose. The Vehicle is sold to you AS IS, except for any express warranties made by Seller, on its own behalf, or by the manufacturer of the Vehicle or of any component parts; (3) In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied.

(b) For "used" vehicles:
(1) Used Car Implied Warranty of Merchantability:
THE SELLER HEREBY WARRANTS THAT THE VEHICLE WILL BE FIT FOR THE ORDINARY PURPOSES FOR WHICH THE VEHICLE IS USED FOR 15 DAYS OR 500 MILES AFTER DELIVERY, WHICHEVER IS EARLIER, EXCEPT WITH REGARD TO PARTICULAR DEFECTS DISCLOSED ON THE FIRST PAGE OF THIS AGREEMENT. YOU (THE PURCHASER) WILL HAVE TO PAY UP TO $25.00 FOR EACH OF THE FIRST TWO REPAIRS IF THE WARRANTY IS VIOLATED.
(2) Waiver of Used Car Implied Warranty of Merchantability:
ATTENTION PURCHASER: SIGN HERE ONLY IF THE DEALER TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM(S) AND THAT YOU AGREE TO BUY THE VEHICLE ON THOSE TERMS:
ATENCION COMPRADOR: FIRME AQUI SOLAMENTE SI EL VENDEDOR TE HA DICHO QUE EL VEHICULO TIENE EL SIGUIENTE PROBLEMA (S) Y QUE USTED ESTA DE ACIERTO DE COMPRA EL VEHICULO BAJO ESTOS TERMINOS:
1. _____ Buyer/Comprador
2. _____ Buyer/Comprador
3. _____

(3) The vehicle is sold "AS IS – NOT EXPRESSLY WARRANTED OR GUARANTEED" unless Seller gives you a separate written instrument showing the terms of any warranty or service contract given by Seller on its own behalf. If the Vehicle is purchased for personal use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier, unless Seller gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of Seller's written warranty or service contract. If the Vehicle is purchased for commercial use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier. In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied.

NOTICE TO THE BUYER: 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.
Annual percentage rate (APR) for the installment sale of an automobile may be negotiated with the dealership; and the dealership may receive some portion of the finance charge or receive other compensation for providing the financing.
LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT, UNLESS DESCRIBED IN ITEM 11 AND AN APPROPRIATE PREMIUM CHARGE IS SHOWN IN ITEM 8(a) ABOVE.

SELLER IS REGULATED AND COMPLAINTS CONCERNING THIS CONTRACT MAY BE ADDRESSED TO:
ARIZONA STATE BANKING DEPARTMENT
2910 N. 44th STREET, SUITE 310
PHOENIX, ARIZONA 85018
TELEPHONE (602) 255-4421

Buyer(s) Acknowledges receipt of a fully completed copy of this Contract
*BUYER Eduardo B. Morera
*BUYER Juanita M Morera

JUL 1 2 2005

Date this 1ST day of JUL 2005 By _____ THOROUGHBRED CARS INC.

*OTHER OWNERS: If a person shown on the certificate of title as an owner of the vehicle does not want to be separately liable for this debt, please sign below to give us a security interest in the vehicle, its proceeds, and physical damage insurance policy and any refunds of insurance premiums.

SIGNATURE _____ DATE _____ SIGNATURE _____ DATE _____

## ASSIGNMENT

Seller hereby assigns this Contract to the below designated Assignee under the terms and conditions of a Dealer Agreement (☐ Recourse ☐ Non-Recourse) previously entered into between Seller and Assignee, and in any event in accordance with the terms, conditions and warranties of the Seller's Assignment and Warranty on the reverse side hereof.

SELLER THOROUGHBRED CARS INC.
Assignee _____ Branch _____
AUTHORIZED SIGNER _____ TITLE _____ 07/01/2005

For Dealer Proceeds Only, Pay $ 19613.72

ALL RIGHTS RESERVED
Form No. 11 © 2004 Az Auto Dealers Assoc. (Rev. 5/04)    ORIGINAL

## ADDITIONAL TERMS, AGREEMENTS AND CONDITIONS

1. (a) If the Vehicle is purchased primarily for personal use: NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
   (b) If the Vehicle is purchased for commercial use, you will not assert any claim or defense against an Assignee of this Contract except of a type which may be asserted against a holder in due course of a negotiable instrument.

2. **BUYERS GUIDE FOR USED VEHICLES:** THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THIS CONTRACT. LA INFORMACION QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHICULO ES PARTE DE ESTE CONTRATO. LA INFORMACION EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACION CONTARIA EN ESTE CONTRATO.

3. **ADDITIONAL COVENANTS OF BUYER:** You will (a) store the vehicle at your address on the face hereof; (b) permit us to examine the Vehicle at any time; (c) maintain the Vehicle in good condition and repair; (d) not permit the Vehicle to be permanently removed from the State of Arizona without our prior written consent; (e) not permit the Vehicle to be attached or other process to be levied thereon; (f) not create or permit to be created any lien or encumbrance or adverse claim of any character whatsoever, whether for storage, repairs, or otherwise, justified or unjustified; (g) not attempt to sell, transfer or assign your right, title or interest in the Vehicle or this Contract in contravention of the security interest granted herewith; and (h) pay all taxes and assessments of every character levied or assessed against the Vehicle, this Contract and the indebtedness represented hereby. You authorize us, at our option and without any obligation to do so, to discharge any and all taxes, liens, security interests or other encumbrances at any time levied or placed on the Vehicle. You hereby agree to reimburse us on demand for any expense incurred by us pursuant to this authorization, plus interest on all sums so expended until paid at a rate equal to the Annual Percentage Rate.

Time is of the essence of this Contract. Our acceptance of partial payments shall not in any manner modify the terms of this Contract and such acceptance shall not be construed as a waiver of any subsequent defaults on your part nor shall it waive the "time is of the essence" provision. Any payment amount we receive in addition to or in excess of a regular scheduled payment may be applied first to accrued late charges and collection charges (if any) and then to finance charges due and the balance to principal balance outstanding. You may not assign this Contract except with our prior written consent. You agree that you will not use or permit the Vehicle to be used for any unlawful purpose, nor to be used for hire, nor will you allow any person to operate or use the Vehicle who is not allowed under the terms of the insurance policies herein required to so operate or use the Vehicle.

Any notice required to be given to you shall be deemed reasonable notification if mailed by ordinary mail, postage prepaid, to your mailing address given herein or to your most recent address as shown by a "Notice of Change of Address" on file with us whether or not actually received by you, or if given in any other manner which results in your actual receipt of such notice.

4. **INSURANCE:** You agree: (a) to keep the Vehicle insured at your own expense against loss by fire, theft, collision and such other risks as we shall designate; (b) such insurance shall be for an amount not less than the balance due under this Contract and shall be in force so long as any part thereof remains unpaid; and (c) such insurance is to be placed with insurance companies reasonably acceptable to us and loss thereon is to be paid to you and us as each party's interest may appear. You hereby assign to us the proceeds of all such insurance to the extent of the unpaid balances hereunder and direct any insurer to make payments directly to us. You hereby request and authorize us, at our option and without obligation to do so, to place and pay for insurance on the Vehicle upon your failure, after having been requested to do so, to provide insurance satisfactory to us and to pay the premium either for such insurance or similar insurance protecting us only, adding same to the principal balance then owing or by an advance which constitutes additional indebtedness and is secured hereunder and is added to the remaining installments or is payable in additional installments, due on this Contract. The policies therefor shall be held by us until this Contract is fully performed. You agree to reimburse us on demand for any payment made or any expenses incurred by us pursuant to the foregoing authorization, together with interest thereon from disbursement until paid at a rate equal to the Annual Percentage Rate. In the event of a loss, you agree that we may collect the proceeds from such insurance and apply the proceeds towards replacement of the Vehicle or payment of your obligations under this Contract. If we retake possession of the Vehicle, the insurance policies thereon, financed under this Contract, shall become our sole property and you shall have no further interest therein. In the event of any default hereunder, we are authorized to cancel any insurance and credit any premium refund against said unpaid balances.

5. **ADDITIONAL CHARGES FOR DELINQUENT PAYMENTS:** If you fail to make timely payments under this Contract, and if such delinquency requires collection efforts by us, you agree to pay reasonable collection charges and costs incurred by us, which charges may include specific charges for collection calls and collection letters.

6. **PREPAYMENT:** You may prepay the unpaid principal balance in full or in part at any time without penalty, provided all finance charges and other charges accrued to the date of prepayment are paid.

7. **COMPUTATION OF FINANCE CHARGES:** Finance charges accrue on a daily basis. A day shall be counted as 1/365th of a year, unless the Assignee of this Contract uses a method of computation which counts a day as 1/365th or 1/366th of a year, in which event the method of computation used by the Assignee for retail installment transactions such as yours on the date of assignment of this Contract to such Assignee shall apply.

8. **EVENTS OF DEFAULT:** (a) Any one of the following shall constitute an Event of Default: (1) Your failure to pay when due any indebtedness secured hereby; (2) If any warranty, representation or statement made herein or furnished to us by you or on your behalf in connection with this Contract proves to have been false in any material respect when made or furnished; (3) The commencement of any bankruptcy, arrangement, reorganization, insolvency, receivership or similar proceedings by or against you or any guarantor or surety for you; (4) If the Vehicle is sold, leased or disposed of or any security interest therein is created; (5) The occurrence of any adverse change in your financial condition deemed material by us, or if, in our judgement the Vehicle becomes unsatisfactory in character or value, or if we reasonably deem ourselves insecure; (6) If you default in performing any of your obligations, promises, covenants or agreements contained herein or in any other agreement, paper or document given by you to us. (b) Any one of the following shall constitute an Event of Default if, in our opinion, such occurrence by itself, or such occurrence together with surrounding circumstances, materially increases our risks with regard to repayment of the indebtedness due: (1) Your death or incompetence; (2) If the Vehicle is levied upon or seized upon under any levy, attachment, garnishment, writ or other legal process, or if any lien is attached thereto; (3) If the Vehicle is lost, stolen, or suffers substantial damage or destruction.

9. **DEBTOR'S LIABILITY FOR FAILURE TO RETURN VEHICLE:** It is unlawful to fail to return a motor vehicle subject to a security interest within thirty days after receiving notice of default. In the event of default, a notice of default will be mailed to you at the address on this Contract. However, nothing in this paragraph imposes any contractual obligation upon us to give you notice of default. Our failure to do so will not be a breach of this Contract and will not limit or impair any of our rights or remedies in the event of your default, as provided below. It is your responsibility to keep the listed address current. Unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony.

10. **RIGHTS AND REMEDIES:** Upon the happening of any of the foregoing Events of Default and at any time thereafter, we may, at our option, and without notice to you, declare all of your indebtedness to us to be immediately due and payable, and we shall have the rights, duties and remedies of a secured party, and you shall have the rights and duties of a debtor, under the Uniform Commercial Code as adopted in the State of Arizona, and without limitation thereto, we shall have the following specific rights: (a) To take immediate possession of the Vehicle without notice or resort to legal process and for such purpose to enter upon any premises on which the Vehicle or any part thereof may be situated and to remove the same therefrom or, at our option, to render the Vehicle unusable; (b) To make or have made any repairs deemed necessary or desirable, the cost of which shall be charged to you; (c) If we take possession of the Vehicle, you will have the right to redeem the Vehicle by paying the net amount you owe on this Contract. If you do not redeem the Vehicle, we will, after giving notice to you and any other party entitled thereto, dispose of the Vehicle in a commercially reasonable manner, which may include either a public sale or a private sale. It is agreed that ten (10) days notice of any such sale shall be reasonable. The proceeds of the sale, less allowed expenses, will be used to pay the amount still owed on this Contract. Allowed expenses are those reasonable expenses incurred as a direct result of retaking the Vehicle, holding it, preparing it for sale and selling it. In addition, if we hire an attorney who is not our salaried employee to collect what you owe, you agree to pay reasonable attorney's fees and court costs. If the proceeds of the sale, less allowed expenses, are not sufficient to pay the net amount still owed on this Contract, then, to the extent permitted by law, we may recover the deficiency with interest at the Annual Percentage Rate from you or anyone who has succeeded to your obligation. If there is money left over (surplus) it will be paid to you or whoever else is legally entitled to it. If, during repossession of the Vehicle, we come into possession of any property which is not security for this contract, we will hold it for you. If you do not claim the property within thirty (30) days after we have repossessed the Vehicle, we may dispose of the property in any manner we may select. You agree that we will have no further liability to you for this property.

11. **GENERAL:** This Contract shall be governed by the laws of the State of Arizona. Any provisions found to be invalid shall not invalidate the remainder hereof. Waiver of any default shall not constitute waiver of any subsequent default. All words used herein shall be construed to be of such gender and number as the circumstances require and all references herein to you shall include all other persons primarily or secondarily liable hereunder. This Contract shall be binding upon the heirs, personal representatives, successors and assigns and shall inure to the benefit of our successors and assigns. This Contract constitutes the entire agreement between us and may not be altered or amended unless made in writing and duly executed by us.

12. **SELLER'S RIGHTS IN ABSENCE OF CREDIT APPROVAL:** (a) You agree to furnish us any documentation necessary to verify information contained in the credit application. (b) You acknowledge that it may take a few days for us to verify your credit and assign this Contract. In consideration of our agreeing to deliver the Vehicle, you agree that if we are unable to assign the contract to any one of the financial institutions with whom we regularly do business pursuant to terms of assignment acceptable to us, we may cancel this Contract. (c) In the event we cancel this Contract, we shall give you notice of the cancellation. Upon receipt of such notice, you shall immediately return the Vehicle to us in the same condition as when sold, reasonable wear and tear excepted, and this Contract shall then be deemed cancelled. We agree, upon cancellation of this Contract to restore to you all consideration we received in connection with this Contract, including any trade-in vehicle. (d) In the event the Vehicle is not immediately returned to us upon notice of our cancellation of this Contract, you agree to pay and shall be liable to us for all expenses incurred by us in obtaining possession of the Vehicle, including attorney's fees, and we shall have the right to repossess the Vehicle with free right of entry wherever the Vehicle may be found. (e) While the Vehicle is in your possession, all terms of this Contract, including those relating to use of the Vehicle and insurance for the Vehicle, shall be in full force and all risk of loss or damage to the Vehicle shall be assumed by you, and you shall pay all reasonable repair costs related to any damage sustained by the Vehicle while in your possession or control of and until the Vehicle is returned to us.

### SELLER'S ASSIGNMENT AND WARRANTY

For value received, Seller hereby sells, assigns and transfers to Assignee, all rights, title and interest in and to this Contract, the Vehicle and equipment therein described and all monies due and to become due thereunder. Seller warrants that the signature of the Buyer(s) herein are genuine, that Seller holds title to the Vehicle, that the cash downpayment shown has actually been received by Seller and no part thereof was loaned to Buyer(s) by or through Seller, that the Vehicle is free from any liens and/or encumbrances except the lien of the security interest created by this Contract, that the Vehicle has been delivered into the possession of the Buyer(s), that Buyer(s) was of legal age and competent to execute this Contract on the date hereof, that the Vehicle has not salvaged, and that, if this transaction is subject to regulation by any state or federal law or regulation, including, but not limited to, the Federal Truth in Lending Act, Magnuson-Moss Warranty - Federal Trade Commission Improvement Act, or Equal Credit Opportunity Act, the transaction was consummated in strict compliance with such law(s) and any regulations promulgated pursuant thereto and that before offering to sell this Contract to Assignee, any period, wherein Buyer(s) had the right to rescind such transaction, had expired and such Buyer(s) had not rescinded the transaction, that this contract and the debt evidenced thereby is not, and will not be subject to any claims, disputes, complaints, offsets, counterclaims or defenses of any kind during the time the said debt remains unpaid, and that Seller has taken all action necessary to perfect a first lien purchase money security interest in Seller or its Assignee.

Seller unconditionally guarantees to Assignee the full and immediate payment and performance of this Contract with respect to which any one or more of the foregoing warranties or representations is breached or false and hereby agrees to repurchase this Contract upon the occurrence of any such breach of warranty or false representation immediately, upon demand by Assignee, for a cash amount equal to the net unpaid balance of the Contract by direct cash payment from Seller to Assignee and not by recourse to or adjustment in any dealer reserve or other such accounts. Seller further hereby agrees to indemnify and hold Assignee harmless from all loss, claims, damages, costs, expenses and attorneys' fees incurred or sustained by Assignee resulting from or arising out of such obligations under this Contract determined to be due to any claim or defense Buyer(s) may now or in the future have against Seller relating to the transaction herein described. If the Assignee's and/or Seller's rights and duties hereunder is referred to an attorney for interpretation or enforcement, the prevailing party shall be entitled to receive and collect from the losing party all court costs and expenses incurred plus reasonable attorneys' fees.

Seller waives all demand and notices of default and consents that, without notice to the Seller, Assignee may extend the time of payments or compound or release by operation of law or otherwise any rights against Buyer(s) or any other obligor. Assignee shall not be bound to take any steps necessary to preserve any rights in the Contract or any accompanying agreements or documents against prior parties, which Seller hereby agrees to do.

IT IS EXPRESSLY UNDERSTOOD AND AGREED that any method of assignment herein provided shall not be deemed to relieve Seller of and from any liability for the breach of warranties, representations or agreements contained herein or in this Contract.

### GUARANTY

Each of the undersigned ("Guarantor"), jointly and severally, guarantees payment of all amounts owing under this Contract and the payment upon demand of the entire amount owing on this Contract in the event of default in payment by Buyer(s) named therein. Guarantor waives notice of performance, demand for performance, notice of nonperformance, protest, notice of protest, notice of dishonor, notice of acceptance of this Guaranty, of any extensions in time of payment, of sale of any of the collateral and of all other notices in which the undersigned would be otherwise entitled by law and agrees to pay all amounts owing hereunder upon demand, without requiring any action or proceeding against Buyer(s), and specifically waives sub-rights to require which against Buyer(s) as provided in ARIZ. REV. STAT. § 12-1641, et seq. Guarantor agrees to deliver to Seller or, after assignment, to Assignee, timely financial statements and any other information relating to the Guarantor's financial condition as may be reasonably requested. GUARANTOR HEREBY ACKNOWLEDGES RECEIPT FROM SELLER, PRIOR TO SIGNING BELOW, OF A SEPARATE "NOTICE TO COSIGNER."

Date _____  Guarantor _____

Date _____  Guarantor _____

MARITAL COMMUNITY JOINDER. The undersigned spouse of Guarantor joins in the execution of this guaranty for the purpose of binding the marital community of Guarantor and the undersigned, in accordance with ARIZ. REV. STAT. § 25-214 or other applicable law. UNDERSIGNED SPOUSE OF GUARANTOR ACKNOWLEDGES RECEIPT FROM SELLER, PRIOR TO SIGNING BELOW, OF A SEPARATE "NOTICE TO COSIGNER."

Date _____  Spouse of Guarantor _____

# ARIZONA CERTIFICATE OF TITLE



**Motor Vehicle Division**
48-7200 R08/03

Inventory Control
3846644

| Vehicle Identification Number | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 1N4AL11D93C135909 | 2003 | NISS | ABS | 4DSD |

| First Registered | List Price | Mobile Home Manufacturer | | Unit Number |
|---|---|---|---|---|
| 02/2003 | 18499 | | | |

DM FEDERAL CREDIT UNION
PO BOX 15115
TUCSON AZ 85708-0115

| Title Number | Issue Date | Film Number | Odometer Reading (no tenths) |
|---|---|---|---|
| 027H005224050 | 08122005 | F224027H20 | 0032423 A |

| Previous Title Number | State | Issue Date | Previous Film Number | |
|---|---|---|---|---|
| 086H003035024 | AZ | 02042003 | D035086H18 | |

A - Actual Mileage
B - Mileage in excess of the odometer mechanical limits.
C - NOT Actual Mileage, WARNING ODOMETER DISCREPANCY

**Arizona Brands**

Previous Brand | State Previous Brand | State Previous Brand | State Other States With Brands

ADDITIONAL BRAND INFORMATION WILL BE PRINTED HERE IN THE FUTURE.

**Owners/Lessees**

EDUARDO B MORENO                                                                OR
2518 N JORDAN DR                    TUCSON                              AZ 85745
JUANITA MARTINEZ MORENO

**Lienholders**

FIRST LIEN-                                          LIEN DATE: 07012005
DM FEDERAL CREDIT UNION

PO BOX 15115           TUCSON              AZ 857080115

**LIEN RELEASE**

| Lienholder Name | | | Acknowledged before me this date | Notary Public Signature | | |
|---|---|---|---|---|---|---|
| Lien Amount | Lien Date | Lienholder Signature | Date | County | State | Commission Expires |

**VOID WITHOUT EAGLE WATERMARK OR IF ALTERED OR ERASED**

Arizona Corporation Commission
State of Arizona Public Access System

06/19/2009                                                                                                   1:54 PM

### Jump To...

Scanned Documents    Amendments    Notices of Pending Administrative Dissolution    Microfilm

## Corporate Inquiry

| | |
|---|---|
| **File Number:** -1292909-9 | Check Corporate Status |
| **Corp. Name:** VANTAGE WEST CREDIT UNION | |

### Domestic Address

2480 N ARCADIA DR
TUCSON, AZ 85712

### Statutory Agent Information

**Agent Name:** TAMARA ACHILLES

**Agent Mailing/Physical Address:**
2480 N ARCADIA DR
TUCSON, AZ 85712

**Agent Status:** APPOINTED 06/21/2006
**Agent Last Updated:** 08/14/2006

### Additional Corporate Information

| | |
|---|---|
| **Corporation Type:** NON FILING C.U. | **Business Type:** |
| **Incorporation Date:** 06/21/2006 | **Corporate Life Period:** PERPETUAL |
| **Domicile:** ARIZONA | **County:** PIMA |
| **Approval Date:** 06/21/2006 | **Original Publish Date:** 07/24/2006 |

### Scanned Documents

(Click on gray button to view document - will open in a new window)

| Document Number | Description | Date Received |
|---|---|---|
| 01561321 | NAME RESERVATION | 05/30/2006 |
| 01617279 | ARTICLES | 06/21/2006 |
| 01616657 | PUB OF ARTICLES | 07/24/2006 |
| 01602787 | AGENT ADDRESS CHANGE | 08/14/2006 |
| 01651265 | PUB OF AMENDMENT | 08/16/2006 |

Back To Top

## Amendments

| Amendment Date | Amendment Type | Publish Date | Publish Exception |
|---|---|---|---|
| 07/18/2006 | NAME CHANGE | 08/16/2006 | |

Back To Top

## Notices of Pending Administrative Dissolution

| Date | Reason |
|---|---|
| 09/07/2007 | DELINQUENT DISCLOSURE |

Back To Top

## Name Changes / Mergers

| Description | Corporation Name | Date |
|---|---|---|
| CHANGED FROM | DM CREDIT UNION | 07/18/2006 |

## Microfilm

| Location | Date Received | Description |
|---|---|---|
| 11759026004 | 06/21/2006 | FILM ONLY (OTHER) |
| 11772004021 | 07/18/2006 | AMENDMENT |
| 11793013014 | 09/19/2007 | 05/31/2007 ANNUAL CERTIFICATE OF DISCLOSURE |
| 11802011009 | 03/21/2008 | AMENDED CERTIFICATE OF DISCLOSURE |

Back To Top

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**